# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY R. GROTH,
        Petitioner,

v.                                            Case No. 06C0858

PAMELA WALLACE,[1]
        Respondent.

## ORDER

      Jeffrey R. Groth filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner alleges that on July 12, 2000, a jury convicted him of party to a crime of second degree reckless homicide while carrying a concealed weapon, aiding an abetting a felon and carrying a concealed weapon. On August 29, 2000 the court sentenced petitioner to twenty-five years, including fifteen years confinement and ten years supervision. He is currently incarcerated at Stanley Correctional Institution.

      Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

---

[1]Petitioner named the State of Wisconsin as respondent. Pursuant to Rule Two of the Rules Governing Habeas Petitions, I substitute Pamela Wallace, warden of Stanley Correctional Institution where petitioner currently is incarcerated.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner asserts that his Sixth and Fourteenth Amendment rights were violated when: (1) that the jury was erroneously given a confusing and misleading instruction; (2) the special prosecutor mischaracterized the facts and law in closing arguments which prejudiced petitioner and exacerbated the effect of the erroneous instruction; and (3) because there is insufficient evidence to support his conviction and he is innocent of the charges of which he was convicted.

Erroneous jury instructions may violate due process. See Sandstrom v. Montana, 442 U.S. 510, 520-521, (1979). A prosecutor's comments also may violate a defendant's rights, including the right to due process. Griffin v. California, 380 U.S. 609, 617 (1965); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Finally, a state prisoner is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 321 (1979).

Thus, it appears that petitioner has stated cognizable constitutional claims.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent

shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

3

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 8 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge